-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARLOS PETERSON,

        Plaintiff,

   -v-                                       10-CV-0586Sc

MATTHEW J. DRISCOLL, Mayor,        **ORDER**

        Defendant.
_____

    Plaintiff, Carlos Peterson, an inmate of the Clintion Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims, *inter alia*, that defendant, Matthew Driscoll, former Mayor of Syracuse, New York violated his rights by "devolop[ing[ and [orgainiz[ing] a corrupt system though out [sic] Syracuse which lead [to plaintiff's] life almost being taken by his authority and demand as Governor for 5 years my life has been in danger by his control over city he used high official as Syracuse Police Dept.[,] Federal Gov. University Hospital workers, Fire Dept. Workers[;] he even used a pastor at [plaintiff's] Church to carry out his wrongful acts as Mayor." (Complaint). Plaintiff also alleges that because of the conduct of Driscoll he was subjected to excessive force by six unnamed police officers of the City of Syracuse Police Department and that, as a result, he suffered and continues to suffer from physical harm and

trauma. Plaintiff's complaint refers to the Eighth Amendment as a basis for his claims herein. For the following reasons, this action must be transferred to the United States District Court for the Northern District of New York.

Where jurisdiction is based upon a federal question, venue is governed by 28 U.S.C. § 1391(b), which provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

From the face of the complaint, it clear that there is no basis for venue of this matter in the Western District of New York and that this matter should be transferred to the Northern District of New York which is the District in which defendant resides and where the events giving rise to the claims set forth in the complaint arose. See 28 U.S.C. § 1406(a).

The determination of the plaintiff's motion for permission to proceed in forma pauperis has been left to the Northern District of New York and, therefore, because this Court has already sent his signed authorization form to the Clinton Correctional Facility for execution, the Pro Se Office is directed to advise the facility of the transfer of this case to the Northern District of New York.

IT HEREBY IS ORDERED, that this matter is transferred to the United States District Court for the Northern District of New York.

**SO ORDERED.**

S/ MICHAEL A. TELESCA<br>MICHAEL A. TELESCA<br>United States District Judge

Dated:   November 29, 2010
         Rochester, New York